UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
WILLIAM LEWIS,

                                                                 **11 CV 5044 (JBW) (CLP)**

                         Plaintiff,

   - against -

THE CITY OF NEW YORK, *et al*,

                        Defendants.
------------------------------------------------------------------X


**<u>MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S RULE 72(a) OBJECTIONS</u>**


*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*


*Of Counsel:   Vicki B. Zgodny, Esq.*
                    *Virginia J. Nimick, Esq.*
                      *Senior Counsels*

*Tel:          (212) 356-2662 / 2663*

## PRELIMINARY STATEMENT

Defendants City of New York, New York City Police Department, Raymond Kelly, Luat Sarayli, Gerard Lester, Edwin LeShack, Daniel Carione, Charles Campisi, Alex Markov, Victor Crespo, Peter Sheehan, Shawn Charlson, and Joseph Murray, by their attorney, Zachary W. Carter, Corporation Counsel for the City of New York, respectfully submit this Memorandum of Law in opposition to plaintiff's objections to the Order of Magistrate Cheryl L. Pollack, dated March 3, 2014 (Dkt. No. 66), pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

## FACTUAL/PROCEDURAL HISTORY

In his moving papers, plaintiff sets forth a complete procedural history of this matter, and rather than repeat it here, defendants respectfully refer the Court to the same (*see* Dkt. No. 71 at pp. 4-14).

## STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provide that a district court may designate a magistrate judge to hear and decide non-dispositive pretrial matters. A magistrate judge's orders on discovery matters are entitled to considerable deference. *See Home Entm't, Inc. v. Hong Wei Int'l. Trading Inc.*, 2007 U.S. Dist. LEXIS 59233 *4 (S.D.N.Y. Aug. 13, 2007). "Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion." *See Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988).

Notwithstanding, Rule 72(a) of the Federal Rules of Civil Procedure provides that the district judge to whom a case is assigned shall consider a party's objections to a magistrate

judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). As a "non-dispositive matter," a pretrial discovery ruling is reviewed under this highly deferential standard. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *See Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal citation and quotation marks omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009) (internal citation and quotation marks omitted); *Thompson v. Keane*, 1996 U.S. Dist. LEXIS 6022, at *2 (S.D.N.Y. 1996) (internal citation and quotation marks omitted).

Courts in this Circuit have recognized that the review of a non-dispositive order does not contemplate the receipt of additional evidence by the parties on the issues and that it is inappropriate to raise new arguments on objection. *See State Farm Mut. Auto. Ins. Co. v. CPT Medical Services, P.C.*, 375 F. Supp. 2d 141, 158 (E.D.N.Y. 2005) (Rule 72(a) does not allow consideration of additional evidence[1]); *see also Toliver v. City of New York,* 2011 U.S. Dist. LEXIS 120785, at *28 (S.D.N.Y. 2011); *Rodriguez v. Boursiquot*, 2010 U.S. Dist. LEXIS 25090 (S.D.N.Y. 2010); *Marache v. Akzo Nobel Coatings,* 2010 U.S. Dist. LEXIS 92665, (S.D.N.Y. 2010).

---

[1] *Compare* Rule 72(b) (disposition of dispositive matters by magistrate judges, and stating that "the district judge to whom the case is assigned shall make a *de novo* determination upon the record, *or after additional evidence,* of any portion of the magistrate judge's disposition to which specific written objection has been made") (emphasis added) *with* Fed. R. Civ. P. 72(a) (no authorization of additional evidence).

**ARGUMENT**

As an initial matter, defendants submit that plaintiff has not pointed to any facts, case law, statutes, or rules of procedure which were ignored or overlooked by Judge Pollack in issuing the instant ruling. Rather, plaintiff merely sets forth conclusory objections that, in essence, consist of a rehashing of the arguments set forth in his initial moving papers. Magistrate Judge Pollack's Order should be reviewed solely for clear error. *See Bennett v. Vaccaro*, 2011 U.S. Dist. LEXIS 53348 (S.D.N.Y. 2011). With that said, defendants respectfully submit that a review of Magistrate Judge Pollack's Order reveals that there is no clear error, and should thus be affirmed as a matter of law.

A. **PLAINTIFF'S CONTINUED REQUESTS FOR CERTAIN DISCOVERY DOCUMENTS**

On January 2, 2014, Judge Pollack entered an Order denying plaintiff's motion to compel certain items of discovery (*see* Dkt. No. 52). Specifically, plaintiff sought departmental disciplinary records, including statistics, concerning other officers who were (1) found guilty of misconduct similar to the misconduct alleged against plaintiff, and (2) terminated from the NYPD under similar circumstances (*see* Dkt. Nos. 42, 46). Plaintiff also sought any and all documents and/or video comprising the investigation and surveillance of the bar "Beer Goggles." (*Id.*). Having considered plaintiff's arguments, contained in two letter motions, dated November 6 (Dkt. No. 42) and November 13, 2013 (Dkt. No. 46), the Court denied plaintiff's requests. Plaintiff filed a *first* motion for reconsideration on January 13, 2014 (Dkt. No. 54). The motion was denied the following day (Dkt. No. 55).

On February 26, 2014, plaintiff filed a *second* motion for reconsideration on these same issues (Dkt. Nos. 63, 64). The Court again denied plaintiff's motion on March 3, 2014 (Dkt. No. 66). In both motions for reconsideration, plaintiff failed to point to any new facts or

case law or any facts or case law that was overlooked warranting reconsideration.  In each instance, however, as the Court emphasized and contrary to plaintiff's belief, it's decision was based upon careful consideration *and subsequent rejection* of each of plaintiff's arguments (*see, e.g.,* Dkt. No. 55 at p. 2).  Now, for a *fourth* time, plaintiff seeks to re-litigate this same issue.

Regardless of what plaintiff calls this most recent motion – *i.e.*, one to renew versus one to reconsider – the standard of review remains the same.  "The standards governing motions to alter or amend a judgment under Rule 59(e) and motions for reconsideration or reargument under Local Rule 6.3 are identical." *Farez-Espinoza v. Napolitano*, 2009 U.S. Dist. LEXIS 35392 at *3 (S.D.N.Y. Apr. 27, 2009); *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).  Motions for reconsideration are appropriate only if "there has been an intervening change of controlling law," "new evidence has become available," or "there is a need to correct a clear error or prevent manifest injustice." *Virgin Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *accord Tatum v. City of New York*, 2009 U.S. Dist. LEXIS 35391 at *1 (S.D.N.Y. Apr. 9, 2009).

In his most recent, thirty-five page submission, plaintiff asserts that he was not, on February 26, 2014 (Dkt. Nos. 63, 64) making a motion for reconsideration, but instead meant to bring a "motion to renew" (*see* Dkt. No. 71 at p. 29).  As noted above, this distinction is immaterial and can only be viewed a deliberate waste of time and resources.  Plaintiff does not indicate which Federal Rule of Civil Procedure governs his "motion to renew," nor does he provide the standard of review he believes that the Court apply.  In point of fact, plaintiff does nothing more than disagree with the Court's ruling by cutting and pasting, verbatim, the arguments put forth in his three letters dated November 6, 2013, November 13, 2013, and February 26, 2014 (Dkt. Nos. 42, 46, 63-64).

Finally, although it is defendants' position that plaintiff's objections should be denied outright, the legal merits of his requests are briefly addressed below. To the extent that plaintiff's most recent arguments are based on new deposition testimony, they are unavailing. Exactly as he did in his two February 26, 2014 letters – literally, word for word – plaintiff points out that non-party Department Advocates Adam Sheldon and Nancy Slater testified at their respective depositions that they were unaware of an instance in which another police officer was terminated solely for the "administrative-type charges" of which plaintiff was found guilty (*see* Dkt. No. 71 at p. 26). Plaintiff concludes "[t]he point is that there was a pressure to terminate Plaintiff Lewis coming from a higher authority within the NYPD, and that pressure led to the § 1983 malicious prosecutions and false arrest (*Id.*).

Counsel, it seems, is being deliberately obtuse. The standard for evaluation the existence of probable cause to arrest and/or prosecute is an objective one. *See, e.g., Finigan v. Marshall*, 574 F.3d 57, 62 (2d Cir. 2009). The "feelings" of high-level employees of the NYPD toward William Lewis are immaterial. As has been *repeatedly* acknowledged, plaintiff does not assert claims for conspiracy, equal protection, or wrongful termination. The way in which the NYPD treated similarly situated officers has absolutely no bearing on the issue of probable cause[2]. Thus, the only claim to which plaintiff's termination is even tangentially related is his "stigma-plus" defamation claim. In order to prove this claim, plaintiff must show: "(1) the utterance of a statement sufficiently derogatory to injure his reputation, that is capable of being proven false, and that he claims as false; and (2) a material state-imposed burden or state-imposed alteration of his rights." *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010). Even assuming, for the sake of argument, that certain higher-ups in the NYPD wanted to fire plaintiff, and even

---

[2] Indeed, Federal Courts regularly instruct juries that an officer's motive is irrelevant when analyzing probable cause for an arrest. *See* Honorable Jack B. Weinstein's jury instructions in the matter of *Larry Goodson v. PO Stephen S. Dimario*, 11-CV-1652 ("The test is one of objective information, not of subjective malice.").

- 6 -

assuming that those same individuals voiced their dislike of him, their subjective opinions are immaterial here. It is clear that the discovery plaintiff seeks – namely, records and statistics concerning the treatment of similarly situated officers – has no bearing on any element of any claim now being asserted. As such, Magistrate Judge Pollack's decision should be upheld.

The same is true with respect to the discovery plaintiff seeks concerning the undercover investigation at a bar called "Beer Goggles[3]." Plaintiff claims that during his deposition, defendant Shawn Charlson "made clear that the undercover investigation may have been called off up to a month before the alleged leaking of the undercover operation in December 2007, which would make even more tenuous what would be an unsubstantiated charge." (Dkt. No. 71 at p. 27). Plaintiff seems to be deliberately confusing Charlson's testimony. Charlson clearly testified that there was an undercover operation going on at the time that plaintiff was alleged to have divulged the operation.[4] However, even if what plaintiff alleges were true, not only is this information entirely irrelevant, defendants have *already provided* to plaintiff the documents that relate to plaintiff's involvement in revealing the undercover police operation to the subject illegal gambling bar's owner, Chris Shaffer. Moreover, defendants have asserted the law enforcement privilege with respect to NYPD's surveillance of Chris Shaffer's bar Beer Goggles because the disclosure of this information would have serious, irreparable effects.

These documents could consist of information that relates to law enforcement techniques and procedures and would, if disclosed, undermine the confidentiality of sources, endanger witnesses and law enforcement personnel and the privacy of individuals involved in the

---

[3] Beer Goggle's and Bottomley's are owned by the same individual, Chris Shaffer, and are both located within the 120 precinct.
[4] A complete copy of the relevant deposition testimony of defendant Shawn Charlson is annexed hereto as Exhibit "A".

investigations of illegal gambling activity, and interfere with future investigations. *In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010). Especially in view of the minimal relevance of the documents to plaintiff's case to begin with, redactions to the documents would serve no purpose. Even assuming redactions were possible, any remaining "threads" likely would reveal the subject matter of the investigation, hinder the NYPD's ability to obtain additional information about the case or future cases, or reveal the names of witnesses. *See In re City of New York*, 607 F.3d at 944 ("pulling on any individual 'thread' of an undercover operation may reveal the entire 'fabric'"). The information plaintiff seeks is patently irrelevant and for him to suggest otherwise is, at best, disingenuous.

### B. DEPOSITIONS OF DEFENDANTS RAYMOND KELLY AND CHARLES CAMPISI, AND NON-PARTY DEPUTY COMMISSIONER JULIE SCHWARTZ

On February 28, 2014, defendants moved for a Protective Order concerning the depositions of defendants former Police Commissioner Raymond Kelly and former Chief Charles Campisi, and of non-party, Deputy Commissioner Julie Schwartz (*see* Dkt. No. 65). On March 3, 2014, over plaintiff's objections, the Court granted defendants' request (*see* Dkt. No. 66). Plaintiff now objects to Magistrate Judge Pollack's ruling, and argues that he is entitled to these depositions.

"As a general proposition, high ranking government officials are not subject to depositions." *Marisol A. v. Giuliani*, 1998 U.S. Dist. LEXIS 3719, at *7 (S.D.N.Y. March 23, 1998) (citations omitted). Depositions of high-level government officials are only allowed if: "1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source, and 2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." *Id.* at *6-*7. Courts have strictly enforced this standard and have repeatedly precluded the depositions of high-level government officials. In

*Bryant v. City of New York,* 2002 U.S. Dist LEXIS 11114, at *4 (S.D.N.Y. 2002), the Court granted a protective order precluding the depositions of Mayor Giuliani and Police Commissioner Safir about the NYPD's policy regarding Desk Appearance Tickets ("DATs"), finding that plaintiffs had "ample opportunity" in prior depositions of other NYPD officials to obtain information concerning the policy. *Id.* at *4. *See also Murray v. County of Suffolk*, 212 F.R.D. 108, 110 (E.D.N.Y. 2002) (deposition notice of Suffolk County Police Commissioner quashed where information available from other sources); *L.D. Leasing Corp. Inc. v. Crimaldi*, 1992 U.S. Dist. LEXIS 18683 at *2-4 (E.D.N.Y. 1992); *Richmond Boro Gun Club, Inc., v. City of New York*, 1992 U.S. Dist. LEXIS 15983 (E.D.N.Y. 1992) (recounting grant of protective order precluding deposition of Mayor and Police Commissioner because any information was available through alternative sources)**.**

Rather than repeat the argument here, defendants respectfully refer the Court to their February 28, 2014 submission (Dkt. No. 65). In his most recent submission, plaintiff raises two "new" arguments. First, he asserts that because Kelly and Campisi are no longer government employees, the above-mentioned *Marisol A.* test should not apply. Second, he asserts that, although Deputy Commissioner Julie Schwartz is a high-ranking government official, her deposition is still necessary. Both of these arguments are unavailing and are addressed in turn.

With respect to the depositions of Kelly and Campisi, the fact that they are no longer sitting government officials should not change the Court's analysis. The grounds for precluding depositions apply with just as much force to former high government officials as to current ones. Former officials remain subject to litigation arising out of their government service for a substantial period of time, and allowing them to be deposed in such lawsuits would be

exceedingly vexatious. Further, to be effective, the deliberative process privilege must remain in force after officials leave office. For those reasons, courts in this Circuit have instructed that "the depositions of former high ranking government officials should not be lightly granted. The depositions of former government officials are granted where the official has been personally involved in the events at issue in the case." *See, e.g., Gil v. County of Suffolk,* 2007 U.S. Dist. LEXIS 50931, at *4 (E.D.N.Y. July 13, 2007) (*citing Gibson v. New York Police Officer Carmody*, 1991 U.S. Dist. LEXIS 11225 *1 (S.D.N.Y. Aug. 14, 1991)). This, coupled with the arguments raised in defendants' February 28, 2014 submission (Dkt. No. 65), make it clear that plaintiff is not entitled to these depositions.

With respect to the deposition of Julie Schwartz, who, it is not disputed, is a sitting high-ranking government official, plaintiff has not satisfied either prong of the *Marisol A.* test. The only information that plaintiff could possibly be seeking from Schwartz's deposition concerns her recommendation and/or endorsement of plaintiff's termination. As defendants have argued, and as Magistrate Judge Pollack has stated numerous times, this information is irrelevant to all of plaintiff's claims. Moreover, plaintiff has already deposed three members of the Department Advocate's Office, including Nancy Slater, the Office's Managing Attorney, and has had ample opportunity to obtain testimony. For these reasons, Magistrate Judge Pollack's Order granting defendants' request for a Protective Order should be upheld.

**C.    Plaintiff's Behavior to this Point is Sanctionable**

Finally, with respect to the deposition of high ranking officials, plaintiff's counsel's behavior raises concerns that may warrant sanctions. 28 U.S.C. § 1927 provides that "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees

reasonably incurred because of such conduct." "The only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is … that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986). "Like an award made pursuant to the court's inherent power, an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose …." *Id.* (citation omitted). Such bad faith must be established by both "clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes." *Dow Chemical Pac. Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 344 (2d Cir. 1986) (internal quotation marks and citations omitted). The Court is vested with inherent authority to sanction conduct which interferes with or abuses the judicial process. *Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 10 CV 1762 (RRM)(ALC), 2011 U.S. Dist. LEXIS 67379, at *7 (E.D.N.Y. June 22, 2011) (citation omitted).

To that end, on February 26, 2014, defense counsel received an email from Allison Duggan, a paralegal with Nesenhoff & Miltenberg, the attorneys who represent plaintiff in this action. The email gave defense counsel notice that plaintiff intended to serve defendant former Police Chief Charles Campisi with a subpoena for a deposition. Defense counsel immediately responded, within minutes, to plaintiff's lead attorneys, Philip Byler and Megan Goddard, reminding them that Magistrate Judge Pollack had ordered plaintiff to get permission from the Court prior to deposing Chief Campisi or former Police Commissioner Raymond Kelly after the remaining depositions were completed. Defense counsel also reminded plaintiff in the

same email that defendant Campisi was a represented client of the Corporation Counsel. Thus, a notice of deposition to counsel and not a subpoena personally served on a represented defendant is appropriate. Defense counsel received an email back within ten minutes from plaintiff's counsel, Mr. Byler, stating that "[plaintiff" was in the process of drafting a letter to Magistrate Judge Pollak. [Plaintiff] thought that the subpoenas needed to go out the door in the meantime." Within approximately one hour and a half, defense counsel responded to Mr. Byler's email, stating, "Please <u>do not</u> serve the subpoenas. You need permission from the Court before deposing these defendants and <u>they are represented clients</u>." (emphasis added) Defendants did not receive a response to this email.

On February 26, 2014, plaintiff filed a letter with Judge Pollak requesting permission to depose former Police Commissioner Raymond Kelly and former Police Chief Charles Campisi. On February 28th, defendants submitted their motion in opposition and requested a protective order for defendants Kelly, Campisi and non-party witness Deputy Commissioner Julie Schwartz. On March 3, 2014, Judge Pollak granted in favor of defendants and issued protective orders for all three witnesses. On March 6, 2014, defense counsel learned that defendant Charles Campisi was served with a subpoena <u>at his home</u> sometime between March 3 and March 4, 2014, and served a second time on March 14, 2014, at One Police Plaza[5]. This was done in blatant disregard of Judge Pollack's March 3rd Order and can be viewed as nothing less than harassment. Defendants bring this behavior to the attention of the Court now in the hopes of deterring any such conduct in the future.

## **CONCLUSION**

---

[5] Defense counsel has not yet seen an affidavit of service but was informed by the legal department of the New York City Police Department that Mr. Campisi was served at his home sometime between the late afternoon of March 3 to early afternoon March 4.

For all the reasons set forth herein, defendants respectfully request that the Court deny plaintiff's objections to the Order of Magistrate Judge Pollack, dated March 3, 2014, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 20, 2014

                    ZACHARY W. CARTER
                    Corporation Counsel for the City of New York
                    *Attorney for Defendants*
                    100 Church Street
                    New York, New York 10007
                    Tel:   (212) 7356-2662 / 2663

                              /s/
By: _____
      VICKI B. ZGODNY
      VIRGINIA J. NIMICK
      Senior Counsels
      Special Federal Litigation Division